IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SEBASTIAN ZARATE, JOSE HERNANDEZ, RODRIGO CABRERA, JOAQUIN ZARATE, and SAMUEL ZARATE, <br><br> Plaintiffs <br><br> v. <br><br> TAYLOR ATLANTIC, LLC, and JAMES TAYLOR, <br><br> Defendants | Civil Action Number: <br> 2:14-cv-00120-LGW-JEG |

## ANSWER OF THE DEFENDANTS
## TO THE PLAINTIFFS' COMPLAINT

COME NOW, Taylor Atlantic, LLC and James S. Taylor, defendants in the above-styled case, by and through their counsel of record, and file this their answer and defenses to the plaintiffs' complaint, as follows:

### FIRST DEFENSE

The plaintiffs' complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations or the doctrines of laches, estoppel and/or judicial estoppel.

### THIRD DEFENSE

In the event that a violation of the FLSA did occur, which the defendants deny, the defendants assert that the act or omission giving rise to such action was in good faith and that any said act or omission was not consistent with the defendants' policy and therefore the alleged relief and remedies sought by the plaintiffs, including liquidated damages and prejudgment interest, are not appropriate.

### FOURTH DEFENSE

The plaintiffs' claims fail, in whole or in part, because the plaintiffs fall within exemptions to the minimum wage and/or overtime provisions of the FLSA.

### FIFTH DEFENSE

To the extent that the plaintiffs are not exempt from the FLSA overtime payroll requirements, they are not entitled to any compensation for time spent before and after their principle work activities.

### SIXTH DEFENSE

The plaintiffs were properly paid for all time worked for the primary benefit of Taylor Atlantic, but should it be determined that some hours of work were not properly paid, then such amount was negligible and falls within the provisions of the Portal-to-Portal Act. The Court should not give cognizance to any such amount and should deny any recovery for such claim.

### SEVENTH DEFENSE

The plaintiffs are not entitled to compensation for alleged time worked that may include time spent by individuals on meal periods, incidental to commencing or completing work, or unauthorized work, or other time expended primarily for such individual's personal benefits.

### EIGHTH DEFENSE

The plaintiffs' claims may be barred in whole or in part by payment, set off, and/or accord and satisfaction.

### NINTH DEFENSE

The plaintiffs lack standing to challenge any practices that does not affect them personally.

### TENTH DEFENSE

The plaintiffs are not entitled to costs or attorney's fees.

### ELEVENTH DEFENSE

The plaintiffs were not engaged in commerce or in the production of goods for commerce.

## TWELFTH DEFENSE

Taylor Atlantic is not an enterprise engaged in commerce or in the production of goods for commerce.

## THIRTEENTH DEFENSE

Taylor Atlantic's gross annual revenue is less than $500,000.00.

## FOURTEENTH DEFENSE

The relief sought by the plaintiffs in their complaint is barred by the equitable doctrine of unclean hands.

## FIFTEENTH DEFENSE

The defendants are not employers as defined by the FLSA.

## SIXTEENTH DEFENSE

The defendants deny that they are a covered enterprise/employer under the FLSA and, as a result, the defendants deny that the Court has subject matter jurisdiction.

## SEVENTEENTH DEFENSE

The defendants respond to the individually numbered paragraphs of the plaintiffs' complaint as follows:

1. The allegations contained in paragraph 1 of the plaintiffs' complaint are admitted.

2. In response to the allegations contained in paragraph 2 of the plaintiffs' complaint, the defendants admit that defendant Taylor is the owner of Taylor Atlantic and that he has some control over some of the day-to-day financial operations, human resources, and compensations aspects of defendant Taylor Atlantic. Any remaining allegations in this paragraph are denied.

3. The allegations contained in paragraph 3 of the plaintiffs' complaint are admitted.

4. At this time, the defendants are without information sufficient to either admit, deny, or otherwise respond to the allegations contained in paragraph 4 of the plaintiffs' complaint.

5. At this time, the defendants are without information sufficient to either admit, deny, or otherwise respond to the allegations contained in paragraph 5 of the plaintiffs' complaint.

6. At this time, the defendants are without information sufficient to either admit, deny, or otherwise respond to the allegations contained in paragraph 6 of the plaintiffs' complaint.

7. At this time, the defendants are without information sufficient to either admit, deny, or otherwise respond to the allegations contained in paragraph 7 of the plaintiffs' complaint.

8. At this time, the defendants are without information sufficient to either admit, deny, or otherwise respond to the allegations contained in paragraph 8 of the plaintiffs' complaint.

9. At this time, the defendants are without information sufficient to either admit, deny, or otherwise respond to the allegations contained in paragraph 9 of the plaintiffs' complaint.

10. The allegations contained in paragraph 10 of the plaintiffs' complaint are denied, as worded.

11. At this time, the defendants are without information sufficient to either admit, deny, or otherwise respond to the allegations contained in paragraph 11 of the plaintiffs' complaint.

12. At this time, the defendants are without information sufficient to either admit, deny, or otherwise respond to the allegations contained in paragraph 12 of the plaintiffs' complaint.

13. The allegations contained in paragraph 13 of the plaintiffs' complaint are admitted, generally.

14. The allegations contained in paragraph 14 of the plaintiffs' complaint are denied, as worded.

15. The allegations contained in paragraph 15 of the plaintiffs' complaint are denied.

16. The allegations contained in paragraph 16 of the plaintiffs' complaint are denied.

17. In response to the allegations contained in paragraph 17 of the plaintiffs' complaint, the defendants admit that defendant Taylor may have some control over certain aspects of the functions set forth in said paragraph. Any remaining allegations contained in this paragraph are denied.

18. The allegations contained in paragraph 18 of the plaintiffs' complaint are denied.

19. In response to the allegations contained in paragraph 19 of the plaintiffs' complaint, the defendants incorporate by reference all preceding paragraphs set forth above as if restated herein.

20. The allegations contained in paragraph 20 of the plaintiffs' complaint are denied.

21. The allegations contained in paragraph 21 of the plaintiffs' complaint are denied.

22. The allegations contained in paragraph 22 of the plaintiffs' complaint are denied.

23. The allegations contained in paragraph 23 of the plaintiffs' complaint are denied.

24. The allegations contained in paragraph 24 of the plaintiffs' complaint are denied.

25. The allegations contained in paragraph 25 of the plaintiffs' complaint are denied.

26. The allegations contained in paragraph 26 of the plaintiffs' complaint are denied.

27. The allegations contained in paragraph 27 of the plaintiffs' complaint are denied.

28. In response to the allegations contained in paragraph 28 of the plaintiffs' complaint, the defendants admit only that the plaintiffs no longer perform work for defendant Taylor Atlantic. Any remaining allegations are denied, as worded.

29. The allegations contained in paragraph 29 of the plaintiffs' complaint are denied, as worded.

30. The allegations contained in paragraph 30 of the plaintiffs' complaint are admitted.

31. The allegations contained in paragraph 31 of the plaintiffs' complaint are denied.

32. The allegations contained in paragraph 32 of the plaintiffs' complaint are denied.

33. The allegations contained in paragraph 33 of the plaintiffs' complaint are denied.

34. The allegations contained in paragraph 34 of the plaintiffs' complaint are denied.

35. The allegations contained in paragraph 35 of the plaintiffs' complaint are denied.

36. The defendants deny that the plaintiffs are entitled to the relief sought by them in the section of his complaint captioned "Request for Relief," or which may be set forth elsewhere in their complaint.

37. Any remaining allegations contained in the plaintiffs' complaint which have not heretofore been responded to, are hereby denied.

WHEREFORE, the defendants respectfully request that this Court:

1) Enter judgment in favor of the defendants and against the plaintiffs;

2) Dismiss this action with prejudice;

3) Award the defendants reasonable costs and attorney's fees;

4) Grant the defendants such other and further relief as may be justified by the evidence and the law and as may be deemed appropriate by the Court.

This the 15th day of August, 2014.

**s/ Garret W. Meader, Esq.**
Georgia Bar No: 142402
Attorney for Defendants
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
P. O. Box 220
Brunswick, GA 31521-0220
(912) 264-8544
E-Mail: gmeader@brbcsw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record through the Court's Electronic Case Filing System, or by placing the same in the United States mail, properly addressed and postage prepaid, this15th day of August, 2014.

                                                     s/Garret W. Meader

                                                   Garret W. Meader

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
P. O. Box 550
Brunswick, GA 31521-0220
(912) 264-8544